# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL DARNELL OLIVER, | ) |
| Plaintiff, | ) |
| v. | ) Case No.:2:20-cv-1814-CLM-JHE |
| SHAWN D. MELCHASKE, Sergeant, et al., | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The plaintiff, a prisoner incarcerated at Donaldson Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. (Docs. 1, 2). In his narrative complaint, the plaintiff brings claims against 26 defendants based on multiple separate incidents occurring between November 2018 and April 2020. (Doc. 1). He alleges that in November 2018, 15 of the named defendants used excessive force against him, resulting in the need for extensive medical treatment. Three defendants participated in changing his custody status in April 2020, one defendant found a March 2020 disciplinary action failed to follow procedures, and seven defendants have withheld the plaintiffs' mail for the previous two years.

The Prison Litigation Reform Act ("PLRA") establishes restrictions on the ability of prisoners to file civil rights actions in federal court. One provision of the PLRA amended the *in forma pauperis statute*, 28 U.S.C. § 1915, to add subsection (g), which provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Eleventh Circuit Court of Appeals interprets this statute to mean that a

prisoner who has had three or more cases dismissed as meritless must pay the full filing fee at the time he initiates the lawsuit. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this rule is where a prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of federal court records reveals that the plaintiff has filed at least three cases or appeals that have been dismissed as frivolous, malicious, and /or meritless, including: *Oliver v. Alabama Department of Corrections, et al.,* 2:02-cv-01179-MNT-SRW (M.D. Ala. November 25, 2002); *Oliver v. Morgan*, 4:03-cv-01355-RBP (N.D. Ala. July 25, 2003); and *Oliver v. Patterson, et al.*, 1:11-cv-00509-WS-P (S.D. Ala. October 16, 2012). Therefore, the plaintiff comes within § 1915(g), which precludes him from commencing this action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The undersigned has reviewed carefully the allegations in the plaintiff's complaint and is satisfied he has not alleged facts demonstrating he is "under imminent danger of serious physical injury."[1] 28 U.S.C. § 1915(g). Accordingly, the plaintiff's motion to proceed in forma pauperis is due to be denied**.** Because the plaintiff failed to pay the filing and administrative fees of $400.00 at the time he filed this complaint, this action is due to be dismissed without prejudice pursuant to the three-strikes provisions of the Prison Litigation Reform Act.

---

[1] Taking the allegations in the plaintiff's complaint as true, he alleges only past harms, which fails to satisfy the § 1915(g) requirement that a plaintiff demonstrate an "imminent danger of serious physical injury." *See Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) (noting that "a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"). To the extent the plaintiff claims one or more defendants poisoned him in November 2018, the plaintiff raised similar claims in *Oliver v. Gordy*, *et al*., Case No. 2:18-cv-01788-MHH-JHE (N.D. Ala.). The plaintiff also filed a complaint in November 2019, *Oliver v. Letts, et al.,* 2:19-cv-01937-LCB-JHE (N.D. Ala.), naming many of the same defendants as in the instant action, and alleging a beating by those defendants similar to the one described in the instant action, but occurring in December 2017 rather than November 2018.

### III. Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** the plaintiff's motion to proceed in forma pauperis be **DENIED** and this action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

### IV. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation. The plaintiff must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting. Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order. In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1.

Upon receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and recommendations. The district judge also may refer this action back to the undersigned with instructions for further proceedings.

4

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may only appeal from a final judgment entered by a district judge.

DONE this 4th day of December, 2020.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE